## P. J. WILLIS & BRO. v. M. J. THACKER.

### Decided January 21, 1899.

1. **Cotton Brokerage—Sales and Charges.**

   Brokers are entitled to recover sums paid for storage and insurance after the expiration of thirty days from the receipt of cotton, until actually sold, if justified by usage, although they had been directed to sell within thirty days, if the consignor ratified the delay and they acted in good faith and with reasonable care.

2. **Same—Interest.**

   Agreed interest on advances made by brokers, to be repaid from the proceeds of cotton shipped to and sold by them, should be computed until the time the cotton should have been sold in pursuance of the consignor's instructions, or in case of waiver of them, until such time as it was actually sold.

APPEAL from Foard. Tried below before Hon. G. A. BROWN.

*Robert Cole* and *Duncan G. Smith,* for appellants.

CONNER, CHIEF JUSTICE.—This suit was instituted in the District Court of Foard County on the 25th day of September, 1896, by appellants, to recover from appellee a balance of $872.57 alleged to be due from appellee on an account duly verified and attached to their petition. It was alleged that during the cotton season of 1895 and 1896 plaintiffs had advanced to appellee the several sums of money specified in such account; that it had been agreed that such sums should bear interest from the times of such advancement at the rate of 8 per cent per annum; that plaintiff had also advanced or paid out the several sums specified in said account as storage, freight, and insurance upon cotton shipped appellants as cotton factors in the city of Galveston. As stated in said petition and account, there then followed an account of sales of all such cotton as appellant alleges was shipped by appellee during said cotton season, such account of sales showing the dates of sale, the price at which sold, etc. Appellee is then credited with the proceeds of such sale, leaving the said balance of $872.57, for which they sue as before stated.

The appellee in his answer admits that appellants were cotton factors as alleged. He does not deny the correctness of the account in so far as it states the sums of money advanced to him or as to the number of bales of cotton received and sold by appellee, but he alleges that it was agreed between himself and appellants that he should draw on apppellants for as much as $35 per bale of cotton shipped to them; that such sums advanced were to draw interest from the date of the payment of his drafts so drawn at 6 per cent per annum; that such advances and interest were to be paid by the proceeds of cotton sold; that such cotton was to be sold according to his instructions, and that apppellants were to receive $1 per bale for all cotton by them sold, but were not to charge insurance or storage unless such cotton, under his instructions, was held and not sold for a period of longer than thirty days. Appellee further alleged that he shipped to appellants 173 bales of cotton under this arrangement;

that he had given appellants instructions to sell within thirty days, unless there should be a decline in the cotton market, in which event appellants were instructed to sell between the second and third decline; that is if there were two declines in succession, then appellants were to sell before the third decline came. Appellee alleges that these his instructions were not followed; that had such instructions been followed there would have been no charges for insurance or storage, amounting to $164.51, and that in such event the charge for interest would have amounted to only $30.14; that the overcharge in interest was $127.01; that by reason of the decline in cotton after such cotton should have been sold, there was a further loss to appellee of $481.53; and that by reason of all such facts he was only indebted to appellants in the sum of $53.29. This answer was also duly verified.

The trial resulted in a verdict and judgment for appellants in the sum of $200, from which appellants have duly appealed and assigned error.

Appellant's sixth and seventh assignments of error are as follows:

"6. The court erred in instructing the jury that they could not find for plaintiff any interest on sums due it from defendant prior to January 1, 1897, or until from and after January 1, 1897, because under the contract between plaintiff and defendant, plaintiff was entitled to 8 per cent interest upon all sums advanced from date of advancement."

"7. The court erred in instructing the jury that they could not find for plaintiff anything for storage or insurance on defendant's cotton in its hands as his factors, because the evidence showed that plaintiffs had paid out for defendant's account on said cotton money for both storage and insurance."

The court's charge, in so far as it relates to these assignments, is as follows:

"Gentlemen of the jury: In this case you are instructed that the plaintiffs, P. J. Willis & Bro., are entitled to recover of the defendant Thacker the aggregate amount of money advanced and paid by plaintiffs to defendant and upon the drafts and orders drawn by defendant from time to time, together with $1 per bale on 173 bales shipped by Thacker to plaintiffs, after deducting therefrom the proceeds of cotton sold by Willis & Bro. for Thacker. * * *

"7. In arriving at your verdict, you will ascertain from the evidence and under the foregoing instructions the amount due the plaintiffs for money advanced and paid for defendant, and $1 per bale for 173 bales of cotton sold for defendant, and then find accordingly the amount received by plaintiffs for sales of said cotton and the amount of damages (if any you find) to which the defendant is entitled, and such respective demands so found by you to be due plaintiffs and defendant; you will deduct the lesser from the greater, and return your verdict for the amount in favor of plaintiffs or defendant, accordingly as the balance may be, together with interest on the amount of such balance at the rate of 6 per cent per annum from and after the 1st day of January, 1897. But you can not find for plaintiffs anything for storage or insurance on de-

fendant's cotton, and you can not find for plaintiffs any interest on sums due them, except as above stated."

This case has not been briefed in behalf of appellee, and we therefore have not the benefit of an explanation, if any, of the reason of the court below in thus giving a peremptory instruction to the jury to not "find for plaintiffs anything for storage or insurance," nor "any interest on sums due them except as above stated."

As above stated, the jury were authorized only to allow interest at the legal rate upon the balance, if any, that the jury should find in appellant's favor, after making the debits and credits in the manner indicated in the charge; whereas, if they were to credit the answer of defendant and the uncontroverted proof as it appears before us, appellants were by the agreement entitled to interest on each sum by them advanced to appellee, from the date of the several payments until such advance, or advances, as the case might be, was paid by the sale of appellee's cotton at the period when it was sold or when it should have been sold. It was the contention of appellants, in effect, that the instructions of appellee were unintelligible and could not be followed, or that if intelligible, appellee waived his right to have such instructions obeyed, and ratified appellants' delay in the sale of the cotton, by appellee's failure to answer their letter of October 21, 1895. Should the jury find as a fact that from appellee's said failure, from his silence and his continued shipments of cotton, and continued course in drawing on appellants, and from all the other circumstances in evidence, that appellee had in effect waived the enforcement of his instructions or ratified appellants delay in the sale of his cotton, and should further find that appellants had acted in good faith and with reasonable care, judgment, and skill, the appellants, so far as we are able to determine from the facts now before us, would be entitled to recover such sums, if any, as were by them paid for storage and insurance after the expiration of thirty days from the receipt of cotton until actually sold, if justified by usage in the Galveston cotton market, and also interest on each advance made from the date of such advance, at the agreed rate, until paid by the application of the proceeds of cotton sold. Should the jury find from all the evidence that there was no such waiver or ratification by appellee, and that appellants should have sold appellee's cotton within thirty days after receipt, then appellants would nevertheless be entitled to interest on advances at the agreed rate until the time such cotton should have been sold, although in such event no recovery could be had for storage or insurance.

Appellants, as appears from the record, were in either event entitled to interest on the advances made to increase the amount of the balance of account in their favor. It will be seen from the court's charge that the jury were not permitted to so do, and we therefore think appellant's sixth assignment of error well taken. As to the seventh assignment, we think we have sufficiently indicated that appellants' right to recover for storage and insurance should be made to depend upon the jury's rendition of the facts.

We find no other reversible error of which appellants can complain raised by other assignments, but for the error indicated, this cause is reversed and remanded.

*Reversed and remanded.*